[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE JULY 24, 1994 CT Page 13122
DATE OF APPLICATION SIGNED NOVEMBER 2, 1994
DATE APPLICATION FILED NOVEMBER 7, 1994
DATE OF DECISION JUNE 22, 1999
Application for review of the sentence imposed by the Superior Court, Judicial District of Windham, GA11.
Docket No. CR94-86750, CR94-86751
David Rozwaski, Esq. Defense Counsel, for Petitioner
Mark Stabile, Esq. Assistant State's Attorney, for the State
SENTENCE AFFIRMED.
 BY THE DIVISION:
The petitioner was sentenced after pleas to an effective sentence often years suspended after five years with a five year period of probation. The various sentences imposed were the result of his plea to crimes that related to two residential burglaries and larcenies that took place in the town of Scotland and Chaplin in 1993.
The petitioner was sentenced as the result of a plea bargain that provided for an effective sentence of ten years suspended after five years with five years probation. At the time of the sentencing the petitioner's attorney was allowed to argue for a lesser sentence. The sentencing judge was not persuaded by the petitioner's arguments and imposed the maximum sentence allowed by the plea agreement.
As previously noted, these crimes involve entry and theft from private residences. The thefts that accompanied these burglaries were substantial from a financial standpoint and also included the theft of firearms in both instances. CT Page 13123
It is apparent that the petitioner received the sentence recommended by the prosecutor because of his numerous prior felonies and misdemeanors. The petitioner had also been unsuccessful while on probation and this obviously was given consideration by the sentencing judge.
This review board has carefully considered the arguments of the petitioner in accordance with the standards enunciated in Section 43-28 of the Connecticut Practice Book and finds that the sentence is neither inappropriate nor disproportionate but rather reflects the seriousness of the offense, the questionable character of the petitioner and the protection of the public's interest in the safety and sanctity of their homes and possessions.
The sentence is AFFIRMED.
NORKO, J.
KLACZAK, J.
O'KEEFE, J.
Norko, J., Klaczak, J. and O'Keefe, J. participated in this decision.